# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS, | CASE NO. 1:07-cv-01814-LJO DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| JAMES E. TILTON, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

## I.    Screening Requirement

Plaintiff Johnny Earl Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 13, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

7   standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

8   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

9   of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

10   (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

11   **II.      Plaintiff's Eighth Amendment Medical Care Claims**

12        Plaintiff is currently housed at the California State Prison Corcoran.  The events giving rise

13   to the claims at issue in this action allegedly occurred at Kern Valley State Prison in Delano.

14   Plaintiff alleges a violation of his Constitution rights stemming from prison officials' failure to

15   provide him with proper and/or adequate medical treatment.

16        Plaintiff alleges that he injured his right Achilles tendon on February 3, 2006 while playing

17   handball.  Plaintiff was seen by Defendant Patel, who examined him and recommended that plaintiff

18   be urgently seen by an orthopedic specialist.   Defendant Patel informed plaintiff that the

19   recommendation would need to be approved by the Medical Board Panel, headed by the Chief

20   Medical Officer.  Plaintiff states that the Medical Board approved the recommendation in May 2006,

21   three and a half months later.  Plaintiff states that he was examined by defendant Smith, who

22   informed plaintiff that he had a partially ruptured tendon that healed with scar tissue, and that

23   surgical repair at that late stage was not advisable.  Plaintiff alleges that he continued to be in pain,

24   and that he was seen again by defendant Patel on October 26, 2006.  Plaintiff states that defendant

25   Patel recommended that he be urgently re-evaluated by defendant Smith.  Plaintiff alleges that when

26   defendant Zamora reviewed plaintiff's 602 grievance, s/he altered plaintiff's medical status from

27   "urgent" to "routine".

28        Plaintiff then filed a third level review.  Plaintiff alleges that defendant Grannis, on behalf

2

of defendant Tilton, concluded that plaintiff's tendon was examined and treated as medically necessary.  Plaintiff was subsequently transferred to Centinela State Prison in May 2007.  Plaintiff states that a MRI was finally performed, which confirmed that the tendon was partially torn with severe scar tissue damage.  Plaintiff was informed that the scar tissue would need to be surgically removed, and that there would be permanent tissue damage.  Plaintiff states that to date, he has not received any pain medication, therapy or special made shoe wear, as recommended by the surgeon.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm resulted due to the delay in properly treating his injury.  Further, Plaintiff has alleged sufficient facts to allow him to proceed against Defendant Zamora for violation of the Eighth Amendment.  Plaintiff's allegations are sufficient to support a claim that based on defendant Zamora's knowledge

of Plaintiff's injury and complaints, defendant may be liable under the Eighth Amendment.  Plaintiff

has also alleged sufficient facts to proceed against defendant John Doe Chief Medical Officer, who

headed the Medical Board Panel that took three and a half months to approve plaintiff's referral to

a specialist.

However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Patel,

who initially saw Plaintiff after his injury and later re-examined plaintiff on October 26, 2006.

Defendant Patel examined plaintiff's injury and in both instances recommended that plaintiff be

immediately seen by an orthopedic surgeon.  The fact that defendant Patel did not order an MRI, and

the fact that plaintiff was not seen immediately as defendant Patel recommended, does not support

an Eighth Amendment claim against him. There is simply no support for a claim that Defendant

Patel "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S.

at 837.

Likewise, Plaintiff's allegations are not sufficient to support a claim against defendant Smith.

There are no allegations that defendant Smith disregarded Plaintiff's complaints or was responsible

for any delay.  The fact that defendant Smith advised against surgery does not amount to a

constitutional violation.  The factual allegations do not support any inference that Defendant Smith

"[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

### III.    Plaintiff's Allegations against Defendants Tilton and Grannis

Plaintiff alleges that defendants Tilton and Grannis violated plaintiff's Eighth and Fourteenth

Amendment rights when they denied plaintiff's appeal.

The Due Process Clause protects prisoners from being deprived of liberty without due

process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action

for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

which the protection is sought.  "States may under certain circumstances create liberty interests

which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Liberty interests created by state law are generally limited to freedom from restraint which "imposes

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

Sandin, 515 U.S. at 484.

1    "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

2    right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

3    DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

4    Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

5    procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

6    confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

7    it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

8    the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

9    Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve

10   as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

11   "Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be

12   held] liable for the constitutional violations of subordinates 'if the supervisor participated in or

13   directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v.

14   Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

15   1989)).

16   Defendants Grannis and Tilton's actions in responding to plaintiff's appeal, alone, cannot

17   give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that

18   demonstrate that defendants violated his rights under federal law. Accordingly, plaintiff fails to state

19   any claims upon which relief may be granted under section 1983 against defendants Grannis and

20   Tilton.

21   **IV.   Penal Code Violations**

22   Plaintiff alleges that defendants are in violation of penal codes §§ 2652 - 2654. The court

23   construes plaintiff's allegation to be that defendants violated California Penal Code §§ 2652 - 2654.[1]

24   Sections 2652 and 2653 concern the mistreatment of prisoners. A violation of section 2652 is a

25   misdemeanor, and a violation of section 2653 subjects the individual to disciplinary action by the

26   Department of Corrections.

27

28

---

[1] California Penal Code Section 2254 is repealed.

5

1  A private right of action under a criminal statute has rarely been implied. <u>Chrysler Corp. v.</u>

2  <u>Brown</u>, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at

3  least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'"

4  <u>Chrysler Corp.</u>, 441 U.S. at 316 (quoting <u>Cort v. Ash</u>, 422 U.S. 66, 79 (1975)). The court has

5  reviewed the penal statutes in question and there is no indication that civil enforcement of any kind

6  is available to plaintiff. <u>Cort</u>, 422 U.S. at 79-80; <u>Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian</u>

7  <u>Homes Comm'n</u>, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, the court finds that plaintiff

8  fails to state any claims upon which relief may be granted based on the alleged violations of sections

9  2652-4.

10  **V.    Conclusion and Order**

11  Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Zamora

12  and John Doe Chief Medical Officer, but fails to state a claim against Defendants Patel, Smith,

13  Grannis and Tilton. The Court will provide Plaintiff with the opportunity to file an amended

14  complaint curing the deficiencies identified by the Court in this order.

15  If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

16  against Defendants Zamora and John Doe Chief Medical Officer, Plaintiff may so notify the Court

17  in writing, and the Court will issue a Findings and Recommendations recommending that Defendants

18  Patel, Smith, Grannis and Tilton be dismissed from this action, and will forward Plaintiff two

19  summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the

20  Court will direct the United States Marshal to initiate service of process.

21  If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions

22  complained of have resulted in a deprivation of his constitutional rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625

23  F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named

24  defendant is involved. There can be no liability unless there is some affirmative link or connection

25  between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976);

26  <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.

27  1978).

28  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

1  amended complaint.   <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
2  complaints).

3         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
4  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567
5  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
6  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
7  complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing
8  to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at
9  1474.

10        Based on the foregoing, it is HEREBY ORDERED that:

11        1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

12        2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

13                a.      File an amended complaint curing the deficiencies identified by the Court in
14                        this order.  Plaintiff may not add any new, unrelated claims to this action via
15                        his amended complaint and any attempt to do so will result in an order
16                        striking the amended complaint, or

17                b.      Notify the Court in writing that he does not wish to file an amended
18                        complaint and wishes to proceed only against Defendants Zamora and John
19                        Doe Chief Medical Officer on his Eighth Amendment medical care claim;
20                        and

21        3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to
22                obey a court order.

23

24        IT IS SO ORDERED.

25        **Dated:    August 25, 2008**                    _____ **/s/ Dennis L. Beck** _____
26                                                    UNITED STATES MAGISTRATE JUDGE

27

28