IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS, | CASE NO. 1:07-CV-01814 LJO DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND CERTAIN DEFENDANTS |
| vs. | |
| S. ZAMORA, et al., | [Docs. 8 and 9] |
| Defendants. | |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Johnny Earl Evans ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 13, 2007.

On August 26, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Zamora and John Doe Chief Medical officer for violating plaintiff's Eighth Amendment rights. However, the court found that plaintiff's allegations do not give rise to any claims for relief based on violation of the California Penal Code, or against defendants Patel, Smith, Tilton and Grannis. The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on his Eighth Amendment claims. On September 5, 2008, plaintiff notified the court that he does not wish to amend and wishes to proceed

only his cognizable claims. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

## I.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Eighth Amendment Medical Care Claims

Plaintiff is currently housed at the California State Prison Corcoran. The events giving rise to the claims at issue in this action allegedly occurred at Kern Valley State Prison in Delano. Plaintiff alleges a violation of his Constitution rights stemming from prison officials' failure to provide him with proper and/or adequate medical treatment.

Plaintiff alleges that he injured his right Achilles tendon on February 3, 2006 while playing handball. Plaintiff was seen by Defendant Patel, who examined him and recommended that plaintiff be

2

urgently seen by an orthopedic specialist. Defendant Patel informed plaintiff that the recommendation would need to be approved by the Medical Board Panel, headed by the Chief Medical Officer. Plaintiff states that the Medical Board approved the recommendation in May 2006, three and a half months later. Plaintiff states that he was examined by defendant Smith, who informed plaintiff that he had a partially ruptured tendon that healed with scar tissue, and that surgical repair at that late stage was not advisable. Plaintiff alleges that he continued to be in pain, and that he was seen again by defendant Patel on October 26, 2006. Plaintiff states that defendant Patel recommended that he be urgently re-evaluated by defendant Smith. Plaintiff alleges that when defendant Zamora reviewed plaintiff's 602 grievance, s/he altered plaintiff's medical status from "urgent" to "routine".

     Plaintiff then filed a third level review. Plaintiff alleges that defendant Grannis, on behalf of defendant Tilton, concluded that plaintiff's tendon was examined and treated as medically necessary. Plaintiff was subsequently transferred to Centinela State Prison in May 2007. Plaintiff states that a MRI was finally performed, which confirmed that the tendon was partially torn with severe scar tissue damage. Plaintiff was informed that the scar tissue would need to be surgically removed, and that there would be permanent tissue damage. Plaintiff states that to date, he has not received any pain medication, therapy or special made shoe wear, as recommended by the surgeon.

     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

     Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally

3

interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm resulted due to the delay in properly treating his injury. Further, Plaintiff has alleged sufficient facts to allow him to proceed against Defendant Zamora for violation of the Eighth Amendment. Plaintiff's allegations are sufficient to support a claim that based on defendant Zamora's knowledge of Plaintiff's injury and complaints, defendant may be liable under the Eighth Amendment. Plaintiff has also alleged sufficient facts to proceed against defendant John Doe Chief Medical Officer, who headed the Medical Board Panel that took three and a half months to approve plaintiff's referral to a specialist.

However, Plaintiff's allegations do not give rise to a claim for relief against Defendant Patel, who initially saw Plaintiff after his injury and later re-examined plaintiff on October 26, 2006. Defendant Patel examined plaintiff's injury and in both instances recommended that plaintiff be immediately seen by an orthopedic surgeon. The fact that defendant Patel did not order an MRI, and the fact that plaintiff was not seen immediately as defendant Patel recommended, does not support an Eighth Amendment claim against him. There is simply no support for a claim that Defendant Patel "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

Likewise, Plaintiff's allegations are not sufficient to support a claim against defendant Smith. There are no allegations that defendant Smith disregarded Plaintiff's complaints or was responsible for any delay. The fact that defendant Smith advised against surgery does not amount to a constitutional violation. The factual allegations do not support any inference that Defendant Smith "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

**III.     Plaintiff's Allegations against Defendants Tilton and Grannis**

Plaintiff alleges that defendants Tilton and Grannis violated plaintiff's Eighth and Fourteenth Amendment rights when they denied plaintiff's appeal.

The Due Process Clause protects prisoners from being deprived of liberty without due process

of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. <u>Buckley</u>, 997 F.2d at 495.

"Although there is no pure *respondeat superior* liability under § 1983, a supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" <u>Hydrick v. Hunter</u>, 500 F.3d 987, 988 (9th Cir. 2007) (quoting <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Defendants Grannis and Tilton's actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that defendants violated his rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against defendants Grannis and Tilton.

**IV.    Penal Code Violations**

Plaintiff alleges that defendants are in violation of penal codes §§ 2652 - 2654. The court

construes plaintiff's allegation to be that defendants violated California Penal Code §§ 2652 - 2654.[1] Sections 2652 and 2653 concern the mistreatment of prisoners. A violation of section 2652 is a misdemeanor, and a violation of section 2653 subjects the individual to disciplinary action by the Department of Corrections.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, the court finds that plaintiff fails to state any claims upon which relief may be granted based on the alleged violations of sections 2652-4.

**V.     Conclusion**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Zamora and John Doe Chief Medical Officer, but fails to state a claim against Defendants Patel, Smith, Grannis and Tilton. The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Zamora and John Doe Chief Medical Officer on plaintiff's Eighth Amendment claims;

2. Plaintiff's claims based on the violation of the California Penal Code be dismissed for failure to state any claims upon which relief may be granted; and

3. Defendants Smith, Patel, Grannis and Tilton be dismissed from this action for failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days

---

[1] California Penal Code Section 2254 is repealed.

1  after being served with these Findings and Recommendations, plaintiff may file written objections with
2  the court. The document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations." Plaintiff is advised that failure to file objections within the specified time may
4  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 22, 2008**                                **/s/ Dennis L. Beck**
                                                              UNITED STATES MAGISTRATE JUDGE