# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOHNNY EARL EVANS,

                    Plaintiff,

   v.

TILTON, et al.,

                   Defendants.

_____/

CASE NO. 1:07-cv-01814-LJO-DLB PC

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL

(Docs. 33, 37)

ORDER DENYING MOTIONS FOR
MEDICAL EXAMINATION AT
GOVERNMENT EXPENSE

(Docs. 31 and 36)

ORDER DENYING REQUEST FOR HEARING

(Doc. 35)

Plaintiff Johnny Earl Evans ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants Zamora and Youssef for violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution concerning his medical care. Pending before the Court are Plaintiff's motions for appointment of counsel and for a medical examination at government expense.

**Request for Hearing**

Plaintiff has requested a court hearing. (Doc. 35.) Plaintiff is informed that motions for appointment of counsel and for a medical examinations, where one party is incarcerated and proceeding *in forma pauperis*, are submitted upon the record without oral argument. Local Rule 78-230(m). Oral argument is not required and the request for a court hearing is denied.

**Motions for Appointment of Counsel**

On June 15, 2009 and July 29, 2009, plaintiff filed motions seeking the appointment of

1  counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

2  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent

3  plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern

4  District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional

5  circumstances the court may request the voluntary assistance of counsel pursuant to section

6  1915(e)(1).  Rand, 113 F.3d at 1525.

7      Without a reasonable method of securing and compensating counsel, the court will seek

8  volunteer counsel only in the most serious and exceptional cases.  In determining whether

9  "exceptional circumstances exist, the district court  must evaluate both the likelihood of success of

10  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity

11  of the legal issues involved."  Id. (internal quotation marks and citations omitted).

12      In the present case, the court does not find the required exceptional circumstances.  Even if

13  it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

14  which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with

15  similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a

16  determination that plaintiff is likely to succeed on the merits, and based on a review of the record

17  in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

18      For the foregoing reasons, plaintiff's motions for the appointment of counsel are HEREBY

19  DENIED, without prejudice.

20  **Motions for Medical Examination**

21      On June 4, 2009 and July 29, 2009, Plaintiff filed motions requesting an examination by an

22  orthopedic surgeon.  Plaintiff states that he is indigent and cannot afford to pay for an examination.

23      The expenditure of public funds on behalf of an indigent litigant is proper only when

24  authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted).  The *in*

25  *forma pauperis* statute does not authorize the expenditure of public funds for a medical examination

26  by a orthopedic surgeon.  28 U.S.C. § 1915.  Plaintiff's requests must be denied.

27      IT IS SO ORDERED.

28  **Dated:   September 16, 2009**            _____/s/ **Dennis L. Beck**_____
                                                UNITED STATES MAGISTRATE JUDGE

2