# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS, | CASE NO. 1:07-cv-01814-DLB (PC) |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE RESPONSES AND SANCTION DEFENDANTS |
| v. | |
| JAMES E. TILTON, et al., | (Doc. 47) |
| Defendants. | |

**Order**

**I.   Background**

Plaintiff Johnny Earl Evans ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed December 13, 2007, against Defendants Youssef and Zamora.  On August 26, 2009, Defendants filed a motion for extension of time to respond to Plaintiff's third set of requests for production of documents, second set of requests for admissions directed to Defendant Youssef, and second set of interrogatories directed to Defendant Youssef.  (Doc. 38.)  On September 2, 2009, Plaintiff filed objections to Defendants' motion.  (Doc. 41.)  Plaintiff contends that Defendants' motion for extension is untimely as to the second set of requests for admission and second set of interrogatories.[1]

On September 16, 2009, the Court issued an order granting in part Defendants' motion.

---

[1] Plaintiff does not oppose Defendants' request for extension of time respond to Plaintiff's third set of requests for production of documents.

1

Defendants were granted an extension of time to file response to Plaintiff's third set of requests for production of documents.  Defendants were also to provide a proof of service as to when Plaintiff had served Defendants with the second set of requests for admission and second set of interrogatories.[2]  On September 23, 2009, Defendants filed their response.  (Doc. 46.)

Pending before the Court is Plaintiff's motion to strike Defendant Youssef's responses to the second set of interrogatories and requests for admission, filed September 28, 2009.  (Doc. 47.)  Plaintiff also filed an opposition to Defendants' response.  (Doc. 48.)  On October 13, 2009, Defendants filed an opposition to Plaintiff's motion to strike.  (Doc. 49.)  On October 21, 2009, Plaintiff filed his reply.  (Doc. 51.)  The matter is deemed submitted pursuant to Local Rule 230(l).

**II.    Rule 37 - Discovery Sanctions**

Plaintiff seeks to have Defendant Youssef's responses to the second set of interrogatories and requests for admission stricken, and to impose as sanction an order directing that the second set of requests for admissions and interrogatories be deemed admitted.  Thus, Plaintiff's motion is a Rule 37 motion for sanction against Defendant for failure to cooperate in discovery.  See Fed. R. Civ. P. 37.

Rule 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules.  NHL v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1972) (per curiam); Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983); United States v. Sumitomo Marine & Fir Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980).  Although the central factor to a Rule 27(b)(2) sanction is "justice," Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998), cert. denied, 526 U.S. 1064 (1999), the sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."  Insurance Corp. v. Compagnie Des Bauxites, 456 U.S. 694, 707 (1982).

---

[2] The Court would make a determination as to whether Defendants have waived their right to object to Plaintiff's interrogatories, and whether the requests for admission are deemed admitted, only if a motion to compel was pending. (Doc. 43, p. 2:17-20.)  On October 21, 2009, Plaintiff filed his motion to compel with the Court. (Doc. 50.)

2

1  Before the imposition of any sanctions, there must first have been a violation of the
2 Court's discovery order.  After a party's discovery request is served, the Court granted the other
3 party a deadline of 45 days to respond.  (Doc. 21.)  Plaintiff contends that he served his second
4 set of interrogatories and second set of admissions on July 2, 2009.[3]  Plaintiff contends that
5 Defendants thus had to respond within forty-five days.  Plaintiff contends that Defendants'
6 motion for extension of time, filed August 26, 2009, is thus untimely, and Defendant Youssef's
7 responses to the second set of interrogatories and requests for admissions should be stricken.

8  Defendants contend that Plaintiff served his discovery requests on July 12, 2009, and the
9 deadline for serving responses was thus August 26, 2009.  (Doc. 46.)  Defendants submit as
10 evidence a latter dated July 13, 2009, which stated that Plaintiff "filed the enclosed documents
11 with [Defendants] on July 2, 2009, but prison officials failed to process the legal mail for postage
12 reasons."  (Doc. 46, Attach. A-3.)

13  Plaintiff does not dispute that the discovery requests in question were mailed on July 13,
14 2009.  Plaintiff attests that he attempted to mail the requests on July 2, 2009, but the prison
15 officials failed to mail it due to postage reasons.  Plaintiff was not prejudiced by this delay.
16 There is no evidence that Defendants intended to violate the Court's scheduling order.  The Court
17 finds discovery sanctions to be inappropriate in this instance.  Defendants' motion for extension
18 of time, filed August 26, 2009, was timely.[4]

19  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to strike and for
20 sanctions, filed September 28, 2009, is DENIED.

21  IT IS SO ORDERED.

22  **Dated:   March 17, 2010**          /s/ **Dennis L. Beck**
            UNITED STATES MAGISTRATE JUDGE
23

24 ―――――――――――――

25  [3] Plaintiff erroneously listed the date as June 2, 2009.  (Doc. 47.)  In a separate filing, Plaintiff acknowledged this date was in error.  (Doc. 50.)

26  [4] The Court will decide Plaintiff's October 21, 2009 motion to compel by separate order.  Plaintiff also
27 requests that the Court issue an order directing the warden of Corcoran State Prison to provide the Court and parties with a print out of Plaintiff's outgoing legal mail for the relevant dates to determine whether it is the prison that is interfering with Plaintiff's mail.  (Doc. 51.)  The Court finds such an order unnecessary to decide this issue and
28 denies the request.