# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAMES E. TILTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-CV-01814-DLB (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL<br><br>(Doc. 39)<br><br>FURTHER RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Johnny Earl Evans ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed December 13, 2007, against Defendants S. Zamora and Ashraf Youssef ("Defendant") for violation of the Eighth Amendment. Plaintiff alleges that Defendants were deliberately indifferent to a serious medical need in treating Plaintiff's ruptured Achilles tendon. Pending before the Court is Plaintiff's motion to compel, filed August 26, 2009. (Doc. 39.) Defendants filed an opposition to the request on September 14, 2009. (Doc. 42.) The matter is deemed submitted pursuant to Local Rule 230(l).

**I.　August 26, 2009 Motion to Compel**

Plaintiff filed a motion to compel further response from Defendants to Plaintiff's first and second set of Requests for Production of Documents and Plaintiff's first set of Interrogatories to Defendant Youssef . (Doc. 39.) On September 14, 2009, Defendants filed their opposition. In his motion, Plaintiff submitted his discovery requests as exhibits and placed asterisks next to

certain requests for which Plaintiff seeks further response.  Defendants only address the requests that are explicitly mentioned or marked in his exhibits.

      **A.**      **First Set of Requests for Production of Documents**

In responding to discovery requests, Defendants must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required, however. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 620 (N.D. Cal. 1995). As this Court explained in <u>Allen v. Woodford</u>, 2007, U.S. Dist. LEXIS 11026, *4-6, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (internal citations and quotations omitted):

> Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.  A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative.  Control need not be actual control; courts construe it broadly as the legal right to obtain documents upon demand.  Legal right is evaluated in the context of the facts of each case.  The determination of control is often fact specific.  Central to each case is the relationship between the party and the person or entity having actual possession of the document.  The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them.  This position of control is usually the result of statute, affiliation or employment.  Control may be established by the existence of a principal-agent relationship.

With this legal framework in mind, the Court turns to Plaintiff's requests for production in his motion to compel.

<u>Request No. 3:</u>      "Any and all KVSP medical protocol for treating a diagnosed partially torn achilles tendon."

<u>Response:</u>      Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrases "medical protocol."  Notwithstanding these objections and assuming such documents exist, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested.

<u>Request No. 5:</u>      "Any and all KVSP medical protocol for x-raying a diagnosed partially torn achilles tendon."

<u>Response:</u>      Defendants object to this request on the grounds that it is overbroad and

|   |   |   |
|---|---|---|
| | | not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrase "medical protocol." Notwithstanding these objections, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested. Defendants, further, do not believe that such documents exist. |
| Request No. 6: | | "Any and all KVSP medical protocol for performing a MRI scan on a diagnosed partially torn achilles." |
| Response: | | "Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrases: "medical protocol" and "MRI scan". Notwithstanding these objections and assuming such documents exist, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested. |
| Request No. 8: | | "Any and all KVSP medical protocol for providing surgery for a partially torn achilles tendon." |
| Response: | | Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrase "medical protocol". Notwithstanding these objections and assuming such documents exist, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested. Defendants, further, do not believe that such documents exist. |

Plaintiff contends that on February 7, 2006, Dr. I. Patel opened a book entitled "Medical Practice and Protocol" and read from the book that "policy require [sic] the primary care provider to recommend the patient to be evaluate [sic] by an orthopedic specialist and a MRI scan was required to confirm the rupture in the tendon and surgery to repair the tendon." (Pl.'s Mot. To Compel ¶ 4.) Plaintiff contends that there must be a policy or procedure in place to deal specifically with Plaintiff's injury, and that Defendants are withholding it.

Defendants contend that they turned over all medical protocol relating to specialty services, including being evaluated by a specialist. (Doc. 42, Defs.' Opp'n 4;13-14; Exh. A.) After diligent research, Defendants contend that they do not have custody, possession, or control over the documents that might be more responsive to the requests. (Id. at 4:13-17.) Defendants further contend that if they do not have it, the documents likely do not exist. (Id.)

Defendants responded to Plaintiff's request by producing medical protocol relating to specialty services, including being evaluated by a specialist. Plaintiff has not demonstrated that

3

Defendants' responses are inadequate. Plaintiff fails to establish that there is other information or documents that are responsive to Plaintiff's discovery requests. Absent a further showing by Plaintiff that there is specific protocol related to the treatment of an Achilles tendon injury or that there is other medical protocol applicable here, Defendants have adequately responded to Plaintiff's requests for production 3, 5, 6, and 8 from the first set of requests for production of documents. Plaintiff's motion to compel further response as to requests No. 3, 5, 6, and 8 is denied.

Request No. 4: "Any and all KVSP medical protocol for processing field physicians' 7243 requests/recommendations to the medical committee for approval or disapproval."

Response: "Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrases: "medical protocol"; "7243 requests/recommendation"; and "medical committee". Notwithstanding these objections, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested.

On July 1, 2007, Defendants provide a supplemental response to Request No. 4, providing Plaintiff with all medical policies and procedures. (Defs.' Opp'n 4:19-22; Exh. A, Operational Procedure #1008.) Defendants contend that no other documents exist, and that Plaintiff's request should be denied. Operational Procedure #1008 concerns the Outpatient-Specialty Services at KVSP. (Exh. A., Attach. 1.)

Plaintiff has not made a sufficient showing that Defendants' response to Request No. 4 is inadequate. Defendants have provided what they have regarding medical policies and procedures that govern specialist treatment. Absent a sufficient showing by Plaintiff which creates a reasonable belief that more information exists, Defendants have adequately responded to Request for Production No. 4. Plaintiff's motion to compel further response as to Request No. 4 is denied.

Request No. 12: "Any and all information on the KVSP health manager's duties, specifically S. Zamora's duties."

Response: "Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague, ambiguous, and calls for speculation as to the phrases: "information" and "duties".

      Notwithstanding these objections, Defendants have conducted a diligent search of their records and do not have possession or control of the documents requested.

Defendants contend that their answer is sufficient, and that Plaintiff has made no specific arguments as to why this response is deficient. (Defs.' Opp'n 5:2-5.)

Plaintiff has not made a sufficient showing that Defendants' response is deficient or that such documents would exist. Absent such showing, Defendants' response is sufficient and Plaintiff's motion to compel further response to Request for Production No. 12 is denied.

### B. Second Set of Requests For Production of Documents

Request No. 1: Any and all names of the physicians that sat on the medical committee that approve or disapproved 7243 medical off-site request filed by doctor I. Patel February 3, 2006. [This request is relevant and important to identifying the physician's that sat on the committee when the request was submitted.]

Response: Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague and calls for speculation as to the phrase "Any and all names of the physicians that sat on the medical committee that approve or disapproved 7243 medical off-site request." Defendants further object to this request on the grounds that it is not a request for a specific document that can be produced to Plaintiff.

Request No. 2: Any and all identities and names of the Physicians who were responsible for processing Evans's urgent 7243 medical request filed by doctor I. Patel on February 7, 2006. [This request is relevant to appellant's case and will identify the person who may be responsible for hendering the processing of the urgent 7243 request.]

Response: Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague and calls for speculation as to the phrases: "Any and all identities and names of the Physicians who were responsible for processing Evans's urgent 7243 medical request filed by doctor I. Patel on February 7, 2006." Defendants further object to this request on the grounds that it is not a request for a specific document that can be produced to Plaintiff.

Request No. 3: Any and all identities and names of the Physician's that sat on the committee that reviewed Evans's 7243 medical request filed February 7, 2006 by doctor I. Patel and approved it on May 25, 2006. [This request is relevant to identifying those who process appellant's case.]

Response: Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague and calls for speculation as to the phrase: "Any and all identities and names of the Physician's that sat on the committee that reviewed Evans's 7243 medical

5

|   |   |   |
|---|---|---|
| | | request filed February 7, 2006 by doctor I. Patel and approved it on May 25, 2006. " Defendants further object to this request on the grounds that it is not a request for a specific document that can be produced to Plaintiff. |
| Request No. 4: | | Any and all identities and names of the Physicians that sat on the committee that reviewed Evans's 7243 medical request filed October 26, 2006 by doctor I. Patel and approved it on April 19, 2007. [This request is relevant to identifying those who process appellant's cases.] |
| Response: | | Defendants object to this request on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object that this request is vague and calls for speculation. Defendants further object to this request on the grounds that it is not a request for a specific document that can be produced to Plaintiff. |

Plaintiff contends that the medical department has a database to track medical record entries and that the physicians who approve or do not approve requests must log into the system. Plaintiff contends that this database will have the names of the individuals who sat on the committee who reviewed his 7243 requests. Defendants contend that should such a database exist, Defendants are not required to create a document or report as to who approved or disapproved his 7243 requests.

Defendants appear to contend that because no such document was created, Defendants do not have to produce anything to satisfy Plaintiff's request. Defendants cite to no legal authority for their position. Rule 34 of the Federal Rules of Civil Procedure specifically mentions electronically stored information, and states that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request, and if a requested form is not specified, the responding party must produce it in a form in which it is ordinarily maintained or in a reasonably usable form. Fed. R. Civ. P. 34(b)(2)(E).

Defendants' quotation of Plaintiff's entire requests as a call for speculation is not sufficient to demonstrate that Plaintiff's request requires speculation on the part of Defendants. Plaintiff is requesting the names of the physicians who approved or disapproved of Plaintiff's 7243 medical requests, and gives the dates that the pertinent requests were submitted. Defendants' remaining boilerplate objections are denied.

1 Defendants also contend that they have already responded to this request by producing all
2 documents in their possession or control relating to the identities and names of the members who
3 sat on the KVSP medical committee who approved and disapproved of prisoners' 7243 requests
4 for medical treatment in January 2006 through May 2007, in response to Plaintiff's request for
5 production of documents No. 1from Plaintiff's first set. (Doc. 42, Defs.' Opp'n 6-10-17; Exh.
6 B.)  After examining Exhibit B, the Court finds that the list of doctors who served on the
7 medical committee during a certain period of time is not fully responsive to Plaintiff's requests
8 which are at issue.  The names of physicians who participated in the review of Plaintiff's 7243
9 request may include some, all, or none of the physicians who sat on a KVSP medical committee
10 from January 2006 through May 2007.  The identity of the individual cases considered by the
11 committee is edited, presumably to protect the privacy of other prisoners.  It is thus unclear
12 whether Plaintiff's requests were ever considered by any physicians on the committee, and if so,
13 when.  Thus, Defendants' response to Plaintiff's request for production No. 1 from the first set is
14 incomplete in terms of its responsiveness to Plaintiff's requests for production Nos. 1, 2, 3, and 4
15 from the second set.
16 Defendants further contend that they cannot produce information they do not have.  It
17 appears that this argument derives from Defendants' first argument that because there is no
18 official document produced that is directly responsive to Plaintiff's requests, Defendants do not
19 have to produce anything.  As stated previously, if the information exists as electronically stored
20 information, Defendants must produce it.
21 If Defendants are attempting to avoid production by contending that they are not in
22 possession, custody or control of the requested documents, that objection is denied.  The specific
23 facts of this action render such an objection unfounded.  By virtue of their employment with non-
24 party CDCR, individual defendants are represented by the Attorney General's Office.  It is this
25 Court's experience that either individual defendants who are employed by CDCR and/or the
26 Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by
27 requesting them.  If this is the case, then, based on their relationship with CDCR, they have
28 constructive control over the requested documents and the documents must be produced.  <u>See</u>,

7

eg., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendants choose to stand on this objection, they must provide factual support for the assertion that, in spite of their relationship to CDCR, they do not have possession, custody or control of the requested documents. Defendants should also be mindful of the fact that they will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's contentions, and in any way during trial. Fed. R. Civ. P. 37(c)(1). Should Defendants stand on this objection and subsequently seek to use the requested documents or like documents, they must, at minimum, supplement their responses, and explain the method by which they obtained the documents. Most importantly, they will also be required to demonstrate that the prior objection was taken in good faith given that they now have and seek to use the requested documents. Fed. R. Civ. P. 26(e)(1).

Accordingly, Defendants are ordered to submit a further response to Plaintiff's requests for production Nos. 1, 2, 3, and 4 from Plaintiff's second set, within **thirty (30) days** from the date of service of this order.

**C.    First Set of Interrogatories to Defendant Youssef**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with

1  specificity, Fed. R. Civ. P. 33(b)(4).  The responding party shall use common sense and reason.
2  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan.
3  Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in
4  order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v.
5  Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).
6  Further, the responding party has a duty to supplement any responses if the information sought is
7  later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1).

8  With this legal framework in mind, the Court turns to Plaintiff's interrogatories in his
9  motion to compel.

10 Interrogatory 9:     In light of your medical training would a MRI be perform within one to
11                      three weeks on a diagnosed partially torn achilles tendon in accordance
                        with medical protocol; Yes___No___ or comment."

12 Interrogatory 10:    "In light of your medical training would surgery be require to repair a
                        partially torn achilles tendon accordance to medical protocol; Yes___
13                      No___ or comment."

14 Interrogatory 11:    "In light of your medical training would crutches be required to assis a
                        patient in walking who can not standing on a diagnosed partially torn
15                      achilles tendon; Yes___No____ or comment."

16 Interrogatory 13:    "In light of your medical training would a partially torn achilles tendon be
                        diagnosed as a serious medical injury; Yes___ No___ or comment."
17
   Interrogatory 14:    "In light of your medical training would pain medication be prescribed to
18                      treat Evans's painful torn achilles tendon; Yes___No____ or comment."

19 Interrogatory 15:    "In light of your medical training would a partially torn achilles tendon
                        develop into scarred tissue?  Yes___No____ or comment."
20
   Interrogatory 16:    "In light of your medical training would a partially torn achilles tendon
21                      heal improperly if not surgically repaired; Yes___ No ____ or comment."

22 Interrogatory 17:    "In light of your medical training would a partially torn achilles tendon
                        develop atrophy if not surgically repaired; Yes___ No____ or comment."
23

24  Defendants contend that the above interrogatories require Defendant Youssef to give an
25 expert opinion, and that Plaintiff makes no argument as to why the responses are deficient.
26 Defendants also object on the grounds that the interrogatories are overbroad, vague, ambiguous,
27 call for speculation, and is an incomplete hypothetical.
28  Defendants' objections are not well taken.  The phrasing of the interrogatories with, "In

9

light of your medical training," seeks opinion testimony from Defendant Youssef derived from his background as a medical doctor. Plaintiff is not requesting an expert witness opinion. Defendant Youssef cites no legal basis for why he cannot respond to the above interrogatories. See Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact."). Defendants' boilerplate objections are an insufficient response and are denied.

Accordingly, Defendant Youssef is to submit a further response to Plaintiff's first set of Interrogatories Nos. 9, 10, 11, 13, 14, 15, 16, and 17 within **thirty (30) days** from the date of service of this order.

## II.     Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS that:

1) Plaintiff's motion to compel further response to Requests for Production Nos. 3, 4, 5, 6, 8, and 12 from the first set of requests for production is DENIED;

2) Plaintiff's motion to compel further response from Defendant Youssef to Interrogatories Nos. 9, 10, 11, 13, 14, 15, 16, and 17 from the first set of interrogatories is GRANTED and Defendant is to respond within **thirty (30) days** from the date of service of this order; and

3) Plaintiff's motion to compel further response to Requests for Production Nos. 1, 2, 3, and 4 from the second set of requests for production is GRANTED and Defendants are to respond within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:     **March 18, 2010**             /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE