UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS, | CASE NO. 1:07-cv-01814-DLB (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| JAMES E. TILTON, et al., | (Doc. 50) |
| Defendants. | |
| _____ / | |

**Order**

**I.    Background**

Plaintiff Johnny Earl Evans ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed December 13, 2007, against Defendants S. Zamora and Youssef. Pending before the Court is Plaintiff's motion to compel, filed October 21, 2009.  (Doc. 50, Pl.'s Mot. To Compel.)  On November 9, 2009, Defendants filed their opposition.  (Doc. 54, Defs.' Opp'n.)  On January 6, 2010, Plaintiff filed his reply.  (Doc. 58, Reply.)  The matter is deemed submitted pursuant to Local Rule 230(l).

**II.   Motion to Compel**

Plaintiff seeks to compel further responses to his requests for Admissions (set two) served on Defendants Youssef, and Interrogatories (set two) served on Defendant Youssef.

1

**A.     Interrogatories, Set Two**

Interrogatory No. 1:   On February 7, 2006, doctor I. Patel examined Plaintiff Evans's right Achilles tendon-determined that the tendon was partially ruptured, painful, unable to stand on and recommended in a cdc 7243 a medical evaluation be urgently perform on plaintiff by an orthopedic surgeon.  The question: please identify the name for the utilization management nurse that reviewed the recommendation.

Interrogatory No. 2:   Was the February 7, 2006 CDCD 7243 urgent medical recommendation that plaintiff be evaluated by an orthopedic reviewed by the (MAR) medical committee; Yes___or NO_____ comments.

Interrogatory No. 3:   If so, what date did the (MAR) medical committee reviewed the CDC 7243 urgent medical recommendation that plaintiff be evaluated by an orthopedic surgeon; comments.

Interrogatory No. 4:   Did you sit on the (MAR) medical committee that reviewed the February 7, 2006 CDC 7243 urgent recommendation that plaintiff be evaluated by an orthopedic surgeon; Yes____ or No_____ comment.

Interrogatory No. 5:   On April 13, 2005 Plaintiff filed a 602 grievance complaining he was in pain and it was difficult for him to walk.  The grievance named theCMO as a respondent.  The question: Did you review the grievance; Yes___or No____ comments.

Interrogatory No. 6:   Did you delegate the duty to a subordinate staff to respond to the grievance; Yes____ or No ____ comments.

Interrogatory No. 7:   Did you prescribe any medical treatment to treat plaintiff's pain he reported he was experiencing in the partially torn Achilles tendon; Yes___or No____comments.

Interrogatory No. 8:   Did any medical staff medical treatment to treat plaintiff's complaints of pain and not being able to walk on the torn tendon foot; Yes___or No____comments.

Interrogatory No. 13:  What is the identity and name of the person that signed the May 8, 2006 CDC 7243 authorization for plaintiff to be removed from KVSP for off-site medical treatment; comments.

Defendant objects that Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, and 13 are beyond the twenty-five interrogatories allowed under the Federal Rules.  Defendant also objects that the interrogatories are overbroad, compound, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant responds to Interrogatories Nos. 1, 2, 3, 4, and 13 by stating that he has no recollection of the 7243 request.  Defendant responds to Interrogatories Nos. 5 and 6 by stating that he has no recollection of any appeals filed by Plaintiff.  Defendant responds to Interrogatory No. 7 by stating that he has no recollection of prescribing medication.  Defendant responds to

2

1  Interrogatory No. 8 by stating that he has no recollection of any medical complaint or any
2  prescribed treatment.  Defendant responds that this information is likely in Plaintiff's medical
3  file.[1]

4       When answering interrogatories, parties have an affirmative duty to furnish any and all
5  information available to the party.  *Trane Co. v. Klutznik*, 87 F.R.D. 473, 476 (W.D. Wis. 1980).
6  A party cannot plead personal ignorance if the information is within his control.  *Id.*
7  "Information which is controlled by a party is available to him."  *Id.*  It is this Court's experience
8  that either individual defendants who are employed by CDCR and/or the Attorney General can
9  generally obtain documents from CDCR by requesting them in order to answer an interrogatory.
10 A sufficient answer generally requires a conscientious and good faith effort to comprehend the
11 question and to answer it explicitly.  Answers given to interrogatories are sworn under oath, and
12 may be used for impeachment purposes.

13       Defendant stated that he cannot recall. The Court will not compel a further response from
14 Defendant.  However, should Defendant stand on this answer and subsequently submit
15 documents or other evidence that demonstrate the prior answer was evasive, incomplete, or
16 nonresponsive, Defendant will be precluded from using these documents as evidence in support
17 of a motion for summary judgment, or at trial.  Fed. R. Civ. P. 37(c)(1).  He must, at minimum,
18 supplement his responses, and explain the method by which he obtained these documents.  Most
19 importantly, he will also be required to demonstrate that the prior answer was given in good faith
20 given that he now has and seeks to use these documents.  *See* Fed. R. Civ. P. 26(e)(1).

21     **B.**    **Requests For Admission, Set Two**

22         **1.**    **Request for Admission No. 2**

23 <u>Admission No. 2:</u>    Admit that medical protocol requires the medical committee at KVSP to review CDC 7243 "urgent" request for approval of off-site treatment
24     within 24 hours.

---

26     [1] Plaintiff contends that he does not exceed the 25 interrogatory limit because the second set contains only
27 sixteen interrogatories.  Plaintiff misunderstands the Federal Rules of Civil Procedure, which places a limit of 25 written interrogatories total on a party, not per set.  Because Defendant responded, this objection is moot.  Since
28 Plaintiff is proceeding pro se, the Court will grant Plaintiff leave to exceed the 25 interrogatory limit for these interrogatories.

| | | |
|---|---|---|
| Response: | | Defendant object to this request in that it is duplicative of Request No. 4 of Plaintiff's First Set of Requests for Admissions. Defendant further objects that this request is vague and ambiguous. Subject to and without waiving or limiting this objection, Defendant responds as follows: Denied. |

Defendant responded to the request for admission by denying. Defendant sufficiently responded. The Court will not compel a further response to this admissions request.

### 2. Request for Admission Nos. 3 and 4

Admission No. 3: Admit that medical protocol at KVSP require that an x-ray be perform on a diagnosed fractured achilles tendon within one to two weeks; Yes___ or No____.

Response: Defendant objects to this request in that it is duplicative of Request No. 5 of Plaintiff's First Set of Requests for Admissions. Defendant further objects that this request is vague and ambiguous as to "medical protocol" and "require." Subject to and without waiving or limiting this objection, Defendant responds as follows: Defendant lacks sufficient knowledge and information to admit or deny this request.

Admission No. 4: Admit that medical protocol at KVSP require that an MRI scan be perform on a diagnosed partially torn achilles tendon within one to three weeks; Yes____ or No____.

Response: Defendant objects to this request in that it is duplicative of Request No. 6 of Plaintiff's First Set of Requests for Admissions. Defendant further objects that this request is vague and ambiguous as to "medical protocol" and "requires." Subject to and without waiving or limiting this objection, Defendant responds as follows: Defendant lacks sufficient knowledge and information to admit or deny this request.

Defendant contends that he does not have sufficient knowledge to admit or deny, based on his limited access to documents at KVSP.

As this is the defendant's verified response, should this defendant challenge any such hypothetical testimony, Plaintiff may use the response to seek to impeach him. However, the Court will not compel a further response to these requests for admission.

### 3. Request for Admission Nos. 5, 6, 9, 10, 11, and 12

Admission No. 5: Admit that a medical diagnosed partially torn achilles tendon is considered by physicians to be a serious medical injury; Yes___ on No____ [Defendant Yousif have stated he is a chief physician and surgeon certified by the California Medical Board. He is qualified to answer th medical admissions and other similar admissions];

Response: Defendant objects to this request in that it is duplicative of Request No. 7 of Plaintiff's First Set of Requests for Admissions. Defendant further objects that this is an incomplete hypothetical as it does not state enough

4

|   |   |
|---|---|
| | facts for Defendant to provide an opinion.  Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |
| Admission No. 6: | Admit that a partially torn achilles tendon will probably cause pain; Yes___ or No___. |
| Response: | Defendant objects to this request in that it is duplicative of Request No. 8 of Plaintiff's First Set of Requests for Admissions.  Defendant further objects that this is an incomplete hypothetical as it does not state enough facts for Defendant to provide an opinion.  Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |
| Admission No. 9: | Admit that a report of acute pain in a diagnosed partially torn achilles tendon conventionally should be prescribed medication to treat the pain; Yes___ or No____. |
| Response: | Defendant objects to this request in that it is duplicative of Request No. 9 of Plaintiff's First Set of Requests for Admissions.  Defendant further objects that this is an incomplete hypothetical as it does not state enough facts for Defendant to provide an opinion.  Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |
| Admission No. 10: | Admit that some form of medical apparatus should be prescribed to assist a patient who has reported he can not stand on the foot diagnosed with a partially torn achilles tendon; Yes___ or No___. |
| Response: | Defendant objects to this request in that it is duplicative of Request No. 10 of Plaintiff's First Set of Requests for Admissions.  Defendant further objects that this is an incomplete hypothetical as it does not state enough facts for Defendant to provide an opinion.  Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |
| Admission No. 11: | Admit that to repair a partially torn achilles tendon, surgery is required; Yes___or No___. |
| Response: | Defendant objects to this request in that it is duplicative of Request No. 12 of Plaintiff's First Set of Requests for Admissions.  Defendant further objects that this is an incomplete hypothetical as it does not state enough facts for Defendant to provide an opinion.  Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |
| Admission No. 12: | Admit that if a diagnosed partially torn achilles tendon is not surgically repaired, the torn tissue will atrophy, heal improperly, and remain permanently injured; Yes____or No____. |

| | | |
|---|---|---|
| 1 | Response: | Defendant objects to this request in that it is duplicative of Request No. 14 of Plaintiff's First Set of Requests for Admissions. Defendant further objects to this request in that it is vague and ambiguous as to "surgically repaired" and permanently injured." Defendant further objects that this is an incomplete hypothetical as it does not state enough facts for Defendant to provide an opinion. Subject to and without waiving or limiting this objection, Defendant responds as follows: Because this is an incomplete hypothetical, Defendant lacks sufficient knowledge and information to admit or to deny this request. |

Defendant contends that he lacks sufficient knowledge to admit or deny because the hypothetical is incomplete. The Court agrees that Plaintiff's requests for admission here are an incomplete hypothetical. The Court will not compel a further response to these requests for admission.

### 4.   Request for Admission No. 13

| | | |
|---|---|---|
| | Admission No. 13: | Admit that you did not prescribe any medical treatment to combat plaintiff's painful partially torn achilles tendon; Yes___ or No____. |
| | Response: | Defendant objects to this request in that it is duplicative of Request No. 21 of Plaintiff's First Set of Requests for Admissions. Subject to and without waiving or limiting this objection, Defendant responds as follows: Defendant lacks sufficient knowledge and information to admit or deny this request as Plaintiff's medical records are not in Defendant's custody or control. |

Defendant contends that he lacks sufficient knowledge because Plaintiff's medical records are not in Defendant's custody or control. The lack of immediate control over Plaintiff's medical records is not in itself sufficient reason to lack knowledge to admit or deny a request. A party must make a reasonable inquiry regarding the necessary information to admit or deny. Fed. Civ. P. 36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981). Even if Defendant is no longer employed at Kern Valley State Prison, Defendant as a chief medical officer of CDCR would seem to have the legal right to obtain this information from Plaintiff's medical record. Defendant's other objection is unpersuasive, unless Defendant's response to Request No. 21 in the first set of Requests for Admission was sufficient, as stated above. Accordingly, Defendant Youssef is ordered to serve further response to Plaintiff's request for admission No. 13, set two, within thirty (30) days from the date of service of this order.

///

///

### III. Conclusion and Order

Based on the foregoing it is HEREBY ordered that:

1) Plaintiff's request for an order compelling further response to Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, and 13 (set two) is DENIED;

2) Plaintiff's request for an order compelling further response to Requests for Admission Nos. 2, 3, 4, 5, 6, 9, 10, 11, and 12 (set two) is DENIED;

3) Plaintiff's request for an order compelling further response to Request for Admission No. 13 (set two) is GRANTED; and

4) Defendant Youssef is to serve further response to Plaintiff's request for admission No. 13, set two, within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **April 20, 2010**          /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE