UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TILTON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-CV-01814-DLB PC<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF EXPERT WITNESS (DOCS. 56, 78)<br><br>ORDER DENYING MOTION FOR SUBPOENA DUCES TECUM OF DEPOSITION TRANSCRIPT (DOC. 57)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE AN OPPOSITION (DOC. 65) |

　　　　Plaintiff Johnny Earl Evans ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint against Defendants S. Zamora and Youssef for violation of the Eighth Amendment. Pending before the Court are: 1) Plaintiff's motion for appointment of expert witness, filed December 23, 2009, and re-filed April 23, 2010; 2) Plaintiff's motion for subpoena of the deposition transcript, filed January 6, 2010; and 3) Plaintiff's motion for extension of time to file an opposition to Defendants' motion for summary judgment, filed February 5, 2010.

**I.　　Motion For Appointment Of Expert Witness**

　　　　Pending before the Court is Plaintiff's motion for appointment of an expert witness, filed December 23, 2009, and re-submitted on April 23, 2010. (Pl.'s Mots., Docs. 56, 78.) Defendants filed an opposition on January 11, 2010. (Defs.' Opp'n, Doc. 59.)

　　　　Plaintiff requests an expert to show when x-rays and MRIs are medically indicated for

1

1  treatment of a torn Achilles tendon, when surgery is necessary to repair a partially torn Achilles
2  tendon, and whether a torn Achilles tendon will heal on its own.  Defendants contend that these
3  questions are more germane for a malpractice action which examines reasonable standards of
4  medical care, as opposed to an Eighth Amendment action, which examines the seriousness of the
5  medical need and the defendants response to that need.
6     Federal Rule of Evidence 706 permits a court, in an exercise of its discretion, to appoint
7  an independent expert.  *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991)
8  (recommending appointment of expert for medically complex cases).  The appointment of an
9  independent expert should be considered if scientific, technical, or other specialized knowledge
10 will assist the trier of fact.  Fed. R. Evid. 702.
11    Here, Plaintiff's case involves a straight-forward medical issue, the treatment Plaintiff
12 received for a torn Achilles tendon.  The Court is aware that Plaintiff has no medical expertise.
13 However, the dispute in this action is whether Defendants provided Plaintiff with constitutionally
14 deficient medical care.  Defendants' argument on summary judgment is that neither Defendant
15 consciously disregarded Plaintiff's medical needs by their actions.  Such an issue can be resolved
16 without the need for appointment of a medical expert.  Plaintiff's request for appointment of an
17 expert is DENIED.

18 **II.    Subpoena Of Deposition Transcript**

19    Plaintiff filed a motion for subpoena of the deposition transcript on January 6, 2010.
20 (Doc. 57.)  Plaintiff requests a subpoena for a transcript of the November 19, 2009 deposition
21 conducted by defense counsel at Corcoran State Prison.  Plaintiff appears to desire this deposition
22 in order to contradict Defendant Youssef's responses to Plaintiff's discovery request.  Defendant
23 Youssef had contended he lacked sufficient knowledge to make a response.
24    The Court has already adjudicated Plaintiff's motion to compel, rendering the purpose of
25 Plaintiff's motion for subpoena moot.  It is also unclear why Plaintiff's responses in a deposition
26 would implicate Defendant Youssef's knowledge in responding to a discovery request.  Plaintiff
27 is also not entitled to demand a copy of the deposition, as there is no such provision in the
28 Federal Rules of Civil Procedure.  It is a party's responsibility to acquire a deposition transcript

from the court reporter who recorded it by contacting the court reporter and paying reasonable charges for it. *See* Fed. R. Civ. P. 30(f)(3). The Court will not issue a subpoena for the court reporter to produce a copy of the deposition. Accordingly, Plaintiff's motion for a subpoena of the deposition is DENIED.

### III.  Motion For Extension Of Time To File Opposition

On February 5, 2010, Plaintiff filed a motion for extension of time to file an opposition to Defendants' motion for summary judgment. (Doc. 65.) Plaintiff filed his opposition on June 15, 2010. (Doc. 82.)

As the Court had yet to adjudicate Plaintiff's other pending motions, Plaintiff's motion for extension of time to file an opposition is GRANTED. Plaintiff's opposition, filed June 15, 2010 is considered timely.

IT IS SO ORDERED.

Dated:   **September 1, 2010**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

3