# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY EARL EVANS,<br><br>            Plaintiff,<br><br>   v.<br><br>TILTON, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-CV-01814-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXHIBITS IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT MOTION (DOCS. 66, 77)<br><br>ORDER SEALING DEFENDANTS' EXHIBIT E IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 60) |

Plaintiff Johnny Earl Evans ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint against Defendants S. Zamora and Youssef for violation of the Eighth Amendment.  Pending before the Court is Plaintiff's request to strike Defendants' exhibits in support of their motion for summary judgment, filed February, 5, 2010 and re-filed April 23, 2010.  (Docs. 66, 77.)  Defendants filed a response on February 12, 2010.  (Doc. 67.)

**I.**    **Deposition Transcript**

Plaintiff contends that Defendants' Exhibit C-1, the deposition transcript, should be stricken because Defendants did not provide the Court with the entire deposition transcript. (Pl.'s Mot. Strike 4.)  Defendants contend that this argument is without merit because Defendants lodged a copy of the complete deposition transcript with the Court on January 25, 2010.  (Defs.' Resp. 1:20-24.)

1   Plaintiff was provided with the pertinent sections of the deposition which Defendants
2 relied upon in support of their motion for summary judgment.  A complete transcript of the
3 deposition is unnecessary to contest the selected portions of the deposition.  It is Plaintiff's
4 responsibility to obtain the entire deposition transcript if he desires it.  *See* Fed. R. Civ. P.
5 30(f)(3).  Plaintiff's request to strike the deposition transcript is thus denied.

6 **II.    Plaintiff's Medical Records**

7   Plaintiff also contends that Defendants' Exhibit E, Plaintiff's medical records, should be
8 stricken as they were obtained in violation of the Health Information Privacy and Portability Act
9 ("HIPPA").  (Pl.'s Mot. Strike 3-4.)  The Court presumes that Plaintiff refers to the Health
10 Insurance Portability and Accountability Act of 1996 ("HIPAA"), and specifically, the Privacy
11 Rule.  Defendants contend that HIPAA does not apply to the use of an entity's medical records
12 by attorneys representing the entity and its employees in litigation brought by the subject of the
13 records against the entity or its employees.  (Defs.' Resp. 1:26-2:3.)

14   HIPAA prohibits the wrongful disclosure of individually identifiable health information,
15 defined as information that relates to the physical or mental health or condition of an individual,
16 or the provision of health care to an individual, that identifies the individual. 42 U.S.C. §
17 1320d-6; 45 C.F.R. § 160.103.  De-identified health information is not protected under the act.
18 45 C.F.R. § 164.514.

19   HIPAA's implementing regulations provide in relevant part:

20   A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

21

22   (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

23

24   (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

25   (A) The covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such
26   party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the
27   request; or

28   (B) The covered entity receives satisfactory assurance . . . from the party

2

       seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

*Id.* § 164.512(e)(1).

A "covered entity" includes a health care provider who transmits any health information in electronic form, and may include a business associate of a covered entity. *Id.* § 160.103. "Satisfactory assurance" for purposes of subsection A is provided through a written statement and accompanying documents that demonstrate the party requesting the information made a good faith attempt to provide notice to the individual, and (a) the individual filed no objections, or (b) the court resolved all objections. *Id.* § 164.512(e)(1)(iii). "Satisfactory assurance" for purposes of subsection B is provided through a written statement and accompanying documents that demonstrate that the party seeking the protected information has requested a qualified protective order from the court, or entered into a qualified protective order presented to the court. *Id.* § 164.512(e)(1)(iv). A qualified protective order is defined as a court order that: (a) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which it was requested; and (b) requires the return of the protected information to the covered entity or destruction of the information at the end of the litigation or proceeding. *Id.* § 164.512(e)(1)(v).

       Defendants have not demonstrated compliance with HIPAA. The Court presumes that: 1) CDCR and Corcoran State Prison are a covered entity; 2) defense counsel is a qualified business associate within the meaning of HIPAA; and 3) Plaintiff's health information is protected under HIPAA. It appears that Defendants first notified Plaintiff of the use of his medical records in their motion for summary judgment. Plaintiff objected to the disclosure of his medical records. Defendants thus have not provided satisfactory assurance pursuant to § 164.512(e)(1)(ii)(A). Defendants also failed to file any protective order before this Court to limit the use of Plaintiff's medical records. Defendants thus have not provided satisfactory assurance pursuant to § 164.512(e)(1)(ii)(B). However, non-compliance with HIPAA does not affect the competency of Defendants' Exhibit E as evidence. Defendants' Exhibit E is clearly relevant to the motion for summary judgment, and is admissible for that purpose. The Court will thus deny Plaintiff's

request to strike Exhibit E.

While the Court will not strike the exhibit, Defendants' blatant non-compliance will require the Court to act *sua sponte* in this matter.  Individual Defendants under HIPAA should have made a request for Plaintiff's medical records and notified Plaintiff of their intent to use his medical records in support of their motion.  Defendants could have entered into a joint protective order with Plaintiff as to the use of Plaintiff's medical records.  Because of Defendants' noncompliance, the Court will issue a protective order, pursuant to Federal Rule of Civil Procedure 5.2(e) and Local Rule 141.  Defendants' Exhibit E in support of their motion for summary judgment will be sealed.[1]  Only the parties and the Court will be allowed to access Exhibit E.

### III. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's requests to strike Defendants' Exhibits C-1 and E in support of Defendants' motion for summary judgment is denied;

2. Defendants' Exhibit E in support of their motion for summary judgment is SEALED.  The Clerk of Court is directed to seal the record accordingly.

IT IS SO ORDERED.

Dated:  **September 16, 2010**           /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

---

[1] Some prison official defendants have taken inconsistent positions regarding documents such as an inmate's medical records.  These defendants have contended that they lack possession, custody, or control over such documents.  The documents then inexplicably appear in support of the defendants' summary judgment motion or during trial.  The Court has no tolerance for such practices.  Defendants cannot claim a lack of possession as a means of avoiding disclosure, and then obtain possession when convenient for their purposes.